UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN RE | CASE NO. 08-10222 |
| HERBERT DOYLE MILEY | SECTION B |
| DEBTOR | CHAPTER 13 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JAMES JENKINS | ADVERSARY NO. 08-1071 |
| PLAINTIFF | |

VERSUS

HERBERT DOYLE MILEY

      DEFENDANT

### REASONS FOR ORDER AND ORDER DENYING REHEARING

The court entered a judgment in this case on September 15, 2008 denying the complaint of James Jenkins against Herbert Doyle Miley, debtor for recognition of $10,950 of a workman compensation judgment as entitled to priority under § 507(a)(4) of the Bankruptcy Code.[1] The plaintiff filed on September 25, 2008, a motion for rehearing and request for reasons of judgment (P-18).

At the trial on September 15, the court orally assigned reasons for the judgment of September 15. The plaintiff has requested that the court enter written reasons for the order. For the sake of completeness, the court issues these written reasons to supplement its order of September 15, 2008 and the oral reasons given on that date. The plaintiff, Jenkins, filed a proof of claim in the debtor's bankruptcy case based on a judgment he had received from the Louisiana

---

[1] 11 U.S.C. § 504(a)(4).

-1-

Department of Labor's Office of Workers' Compensation Administrative Court. Although the parties both filed pretrial briefs outlining their respective positions in this case, Jenkins failed to identify any basis for his argument that his claim should be given priority status under 11 U.S.C. § 507(a)(4). Section 507(a)(4) of the Bankruptcy Code gives priority status to claims for "wages, salaries, or commissions, including vacation, severance, and sick leave pay earned by an individual," up to the amount of $10,950 for an individual if the money was "earned within 180 days before the date of the filing of the petition." The question of whether workers' compensation payments should be included as wages for purposes of § 504(a)(4) has been rejected by all of the courts that have considered the question.[2] The plaintiff has not shown any reason why this court should not follow the reasoning of the other courts that have decided this question, and this court sees none.

The court now denies the motion for rehearing for the following written reasons:

1. The case was set for trial at 10:00 a.m. rather than the customary 9:00 a.m. commencement time in order to accommodate out of town counsel. Adam Hutton, counsel for the debtor, whose offices are in Covington, Louisiana was present in court and ready for trial on September 15, 2008 at 10:00 a.m.

2. Even though Mr. Schwartz's offices are in Metairie, Louisiana, no one from the offices of Christopher R. Schwartz, attorney for plaintiff, was present at 10:00 a.m.

3. In addition to failing to appear on time for trial, Mr. Schwartz had failed to properly respond and to indicate a readiness for trial in this matter, for some time in the

---

[2] *In re Bersaglia,* 254 B.R. 376 (Bankr.E.D.Ky. 2000); *In re Lull Corp.,* 162 B.R. 234 (Bankr.D.Minn. 1993); *In re Webster,* 126 B.R. 4 (Bankr.D.Me. 1991); *In re Redford Roofing Co. Inc.,* 54 B.R. 254 (Bankr.Ill. 1985).

following respects.

    a.    He had failed to file promptly the pretrial order that was required by the court to have been filed on September 8, 2008.

    b.    On September 9 and 10, the court chambers' personnel had called Mr. Schwartz's office (once on each date) inquiring about the pretrial order. Mr. Schwartz was not available on either occasion and messages were left on both days, but Mr. Schwartz did not return either of the telephone calls.

    c.    On the morning of September 12, the Friday before the Monday trial, someone named Cheryl called from Mr. Schwartz's office and stated that Mr. Schwartz just realized that he had failed to file a pretrial order and wanted to know if he could file it late. The court allowed the late filing even though there was no explanation as to the failure to return the prior calls from the court inquiring about the pretrial order.

4.    When the court noticed the absence of Mr. Schwartz or anyone from Mr. Schwartz's office at the September 15, 2008 hearing, the courtroom deputy called Mr. Schwartz's office at 10:04 a.m. and was advised by Cheryl, who answered the phone, that Mr. Schawrtz was not coming to the trial as he had another matter scheduled, but that an attorney named Sharelle Lacey would be coming but would be late. Cheryl also informed the courtroom deputy that she had just left a message to this effect on the courtroom deputy's voicemail. Upon checking the voicemail, there was in fact a message that had been left at 10:00 a.m., which the court notes was the time the trial was scheduled to begin. No advance notice was given to the court that Mr. Schwartz, counsel of record for plaintiff, would attempt to have substitute counsel

appear for the plaintiff.

5.      Upon being advised of these facts, the court took the bench at 10:08 a.m. and allowed counsel for the debtor to proceed with the defense of the matter.  Counsel made his presentation.  The court entered judgment at 10:12 a.m. denying plaintiff's claim, oral reasons were assigned from the bench, and the court adjourned.  The plaintiff, James Jenkins, and his wife, appeared at 10:30 a.m. after the court had adjourned.

6.      At 10:45 a.m. an attorney who identified herself as Sharelle Lacey appeared and sought a conference with the court that was denied.  No attorney by the name of Sharelle Lacey was enrolled as counsel in this matter, and she does not appear to be an associate at Mr. Schwartz's law firm.  Her name does not appear on any pleadings and is not on the Late filed pretrial order.  Because the court had adjourned before any of them appeared, the court declined to see either the plaintiff, Mr. Jenkins, his wife, or attorney Sharelle Lacey.

7.      A motion for reconsideration was filed by Mr. Schwartz under Federal Rule of Bankruptcy Procedure 9024, which incorporates Federal Rule of Civil Procedure 60.  The rule sets forth the grounds for obtaining relief from a Judgment or Order.[3]  The motion for reconsideration asks the court to excuse Ms. Lacey's tardiness but fails to explain why Mr.

---

[3] On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
1) mistake, inadvertence, surprise, or excusable neglect;
2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by the opposing party;
4) the judgment is void;
5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
6) any other reason that justifies relief.

Schwartz's office failed to respond to phone calls made by the court, failed to timely file its pretrial order, failed to enroll Ms. Lacey as co-counsel, and failed to have his client/witness appear on time.

In short the motion for reconsideration fails to show any reason why the Judgment issued on September 15, 2008 should be reconsidered or withdrawn and therefore, the motion is DENIED.

New Orleans, Louisiana, October 22, 2008.

*J. A. Brown*
Jerry A. Brown
U.S. Bankruptcy Judge